IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 20, 2009

Charles R. Fulbruge III
Clerk

No. 07-60659

LUCILLE TEBO

Plaintiff-Appellant

v.

CARY TEBO; KENNETH TEBO; CHIP DALE HOLBROOK, Medical Doctor;
NADINE BUSH, Medical Doctor

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi

ON PETITION FOR REHEARING

Before BENAVIDES, SOUTHWICK, and HAYNES, Circuit Judges.
PER CURIAM:

The petition for rehearing is denied. We have considered all of the
arguments in the petition but limit our discussion to two alleged factual errors.

Ms. Tebo argues that our original opinion erred in stating that the Tebo
brothers were not alleged to have been involved in the commitment process after
the submission of their affidavit. In particular, Ms. Tebo asserts that her reply
brief explained that the brothers appeared, and were ready to testify, at the
involuntary commitment hearing scheduled for May 19, 2003. She contends that

this notation served as an allegation that the brothers remained involved in the proceedings.

We did not construe this possibility as actual involvement because the May 19, 2003 hearing never actually took place. The hearing was put off after an objection by Ms. Tebo's counsel, and was never rescheduled since the brothers subsequently dismissed their applications seeking commitment. Regardless of the proper characterization of that possibility, it in no way affects our legal analysis.

Ms. Tebo also argues that our original opinion erred in stating that the Tebo brothers' affidavit led to her evaluation by doctors Bush and Holbrook. She maintains that it was Ms. Sonnier's pre-screening report, not the brothers' affidavit, which led to her evaluation.

The record reflects that the brothers' affidavit was filed on May 15, 2003 – four days prior to Bush's and Holbrook's evaluation – and that Ms. Sonnier does not recall scheduling Ms. Tebo's evaluation. However, there is some evidence that suggests it was Ms. Sonnier who scheduled the evaluation. Again, whatever may be the proper understanding of how the evaluation was scheduled, our analysis remains unchanged that no basis for liability existed.

Once a party establishes a legal basis for relief, he or she is entitled to summary judgment if there are "no genuine issues of material fact." Baker v. Canadian Nat'l/Ill. Cent. R.R., 536 F.3d 357, 362 (5th Cir. 2008). The alleged factual errors here are not material. Ms. Tebo's petition is DENIED.